Case 1:24-mj-04375-UA   Document 18   Filed 04/15/25   Page 1 of 3



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 14, 2025

**BY EMAIL**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Luigi Nicholas Mangione*, 24 Mag. 4375 (KHP)

Dear Judge Ramos:

      The Government respectfully submits this letter in response to defendant Luigi Mangione's motion to preclude the Government from seeking the death penalty. *See* Dkt. 16 (the "Motion" or "Mot."). The defendant has identified no authority for the notion that it can prevent the Government from seeking capital punishment before indictment. A defendant who wishes to challenge the legal propriety of the death penalty may do so at the appropriate time (after indictment) and in the appropriate forum (before the assigned District Judge who will preside over the case). Because this case is not yet indicted, and the Government has not yet filed its notice of intent to seek the death penalty, the defendant's motion is not yet ripe and should be denied on that basis. *See Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967), *overruled on other grounds by Califano v. Sanders,* 430 U.S. 99, 97 (1977) (ripeness doctrine protects against "judicial interference until a[ ] . . . decision has been formalized and its effects felt in a concrete way by the challenging parties"); *United States v. Fell*, 360 F.3d 135, 139-40 (2d Cir. 2004) ("Ripeness is a constitutional prerequisite to exercise of jurisdiction by federal courts. The Court, therefore, can raise the issue *sua sponte.* At the core of the ripeness doctrine is the necessity of ensur[ing] that a dispute has generated injury significant enough to satisfy the case or controversy requirement of Article III of the U.S. Constitution by prevent[ing] a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur." (internal citations and quotation marks omitted)).

      The Government has not identified any case in which this Court—or any federal court—has addressed the propriety of seeking the death penalty so prematurely as the defense proposes here. Nor is the Government aware of a case in which the defense has been able to dictate, through the authority of the Court, the *manner* in which the Government presents evidence to the grand jury. The defendant does not cite legal authority for *any* proposition in his entire motion (aside from Local Rule 23.1) and offered no basis for the Court to depart from the fundamental precept that a dispute must be ripe before it can be adjudicated. *See* Mot. at 1-27 (citing Local Rule 23.1, four capital cases strictly for comparison, and no other statute, rule, or controlling precedent). After the Government obtains an indictment and files its notice of intent to seek the death penalty, the

defendant can raise the same issues in a timely motion filed with the assigned District Judge, who can rule on the issues in the context of the entire record of the case and who can still offer the defendant full relief.

To the extent that the defendant argues that the Court should regulate how the Government should present evidence to the grand jury, there is no basis for this request. The Supreme Court has made clear that the District Court has only a limited supervisory role over grand jury proceedings—one that does not allow the Court to dictate the manner in which the Government presents its case to the grand jury. *See United States v. Williams*, 504 U.S. 36 (1992). In *Williams*, the Supreme Court curtailed the supervisory power of federal courts over grand jury proceedings, explicitly rejecting the argument that a district court could dismiss an indictment because the prosecution failed to present exculpatory evidence to the grand jury. The Court emphasized the grand jury's historical role as an independent body, stating that courts could not prescribe evidentiary rules for the grand jury that were not constitutionally or statutorily required. The Court stated: "[A] federal court may not invoke its supervisory power to prescribe . . . rules of evidence for the grand jury different from those that are constitutionally or statutorily compelled." *Id.* at 53. The Court reasoned that such intervention would "undermine the grand jury's autonomy and intrude on the prosecutor's traditional discretion in deciding what evidence to present." *Id.* at 48. This principle has been consistently upheld in subsequent cases. *See, e.g.*, *United States v. Calandra*, 414 U.S. 338, 343 (1974) (holding that the Fourth Amendment exclusionary rule does not apply to grand jury proceedings and describing the role of the grand jury as "a body with powers of investigation and inquisition, the scope of whose inquiries is not to be limited narrowly by questions of propriety or forecasts of the probable result of the investigation, or by doubts whether any particular individual will be found properly subject to an accusation of crime."); *In re Grand Jury Subpoena Dated Feb. 2, 2012*, 908 F. Supp. 2d 348, 351 (E.D.N.Y. 2012) ("[A]lthough courts must ensure that the grand jury process is not being abused by the government, it is not the role of the courts to micromanage the government's presentation of evidence to the grand jury.").

The Government has not identified any case—and again, the defendant cites none—that suggests a role for the District Court in the Government's grand jury presentations or that would require the Government to engage in any special procedure, including the sort of bespoke "screen[ing]" of grand jurors that the defense seeks here. Mot. at 2. The Government respectfully requests that the Court decline the defendant's invitation to depart from the ordinary course of permitting the assigned District Judge of presiding over pretrial motions, including motions

regarding the availability of capital punishment, once the matters to be litigated in those motions are actually ripe for review.

> Respectfully submitted,
>
> MATTHEW PODOLSKY
> Acting United States Attorney for the
> Southern District of New York
>
> By: _____/s/_____
> Dominic A. Gentile
> Alexandra Messiter
> Thomas John Wright
> Jun Xiang
> Assistant United States Attorneys
> (212) 637-2567 / 2544 / 2295 / 2289

cc: Karen Friedman Agnifilo, Esq. (via email)
    Marc Agnifilo, Esq. (via email)
    Jacob Kaplan, Esq. (via email)
    Avi Moskowitz, Esq. (via email)