ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **INDICTMENT** |
| v. | 25 Cr. __ |
| LUIGI NICHOLAS MANGIONE, | 25 CRIM 176 |
| Defendant. | |

**COUNT ONE**
(Stalking – Travel in Interstate Commerce)

The Grand Jury charges:

1.  From at least on or about November 24, 2024 up to and including on or about December 4, 2024, in the Southern District of New York and elsewhere, LUIGI NICHOLAS MANGIONE, the defendant, traveled in interstate commerce, with the intent to kill, injure, harass, intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate another person, and in the course of, and as a result of, such travel engaged in conduct that placed that person in reasonable fear of the death of, and serious bodily injury to, that person, and in the course of engaging in such conduct caused the death of that person, to wit, MANGIONE traveled across state lines via an interstate bus line for the purpose of stalking and killing Brian Thompson, and while in New York, MANGIONE stalked and then shot and killed Thompson in the vicinity of West 54th Street and Sixth Avenue in Manhattan.

(Title 18, United States Code, Sections 2261A(1)(A) and 2261(b)(1).)

## COUNT TWO
(Stalking – Use of Interstate Facilities)

The Grand Jury further charges:

2.       From at least on or about November 24, 2024 up to and including on or about December 4, 2024, in the Southern District of New York and elsewhere, LUIGI NICHOLAS MANGIONE, the defendant, with the intent to kill, injure, harass, intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate another person, used an electronic communication service and electronic communication system of interstate commerce, and another facility of interstate and foreign commerce, to engage in a course of conduct that placed that person in reasonable fear of the death of and serious bodily injury to that person, and in the course of engaging in such conduct caused the death of that person, to wit, MANGIONE used a cellphone, interstate wires, interstate highways, a hostel that serves interstate customers, and the Internet to plan and carry out the stalking, shooting, and killing of Brian Thompson in the vicinity of West 54th Street and Sixth Avenue in Manhattan.

(Title 18, United States Code, Sections 2261A(2)(A) and 2261(b)(1).)

## COUNT THREE
(Murder Through Use of a Firearm)

The Grand Jury further charges:

3.       On or about December 4, 2024, in the Southern District of New York and elsewhere, LUIGI NICHOLAS MANGIONE, the defendant, during and in relation to crimes of violence for which he may be prosecuted in a court of the United States, namely, the stalking offenses charged in Counts One and Two of this Indictment, knowingly used and carried a firearm, and in furtherance of such crimes, possessed a firearm, and in the course of those crimes caused the death of a person through the use of a firearm, which killing is murder as defined in Title 18,

United States Code, Section 1111(a), to wit, MANGIONE shot and killed Brian Thompson in the vicinity of West 54th Street and Sixth Avenue in Manhattan.

(Title 18, United States Code, Section 924(j).)

SPECIAL FINDINGS REGARDING THE MURDER OF BRIAN THOMPSON

4. Count Three of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Three, alleging murder through the use of a firearm stemming from the December 4, 2024 murder of Brian Thompson, LUIGI NICHOLAS MANGIONE, the defendant:

    a. was 18 years of age and older at the time of the offense;

    b. intentionally killed Brian Thompson (Title 18, United States Code, Section 3591(a)(2)(A));

    c. intentionally inflicted serious bodily injury that resulted in the death of Brian Thompson (Title 18, United States Code, Section 3591(a)(2)(B));

    d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Brian Thompson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

    e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Brian Thompson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

    f.  in the commission of the offense knowingly created a grave risk of death to one and more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)); and

    g.  committed the offense after substantial planning and premeditation to cause the death of Brian Thompson (18 U.S.C. § 3592(c)(9)).

## COUNT FOUR
(Firearms Offense)

The Grand Jury further charges:

5.  On or about December 4, 2024, in the Southern District of New York and elsewhere, LUIGI NICHOLAS MANGIONE, the defendant, during and in relation to crimes of violence for which he may be prosecuted in a court of the United States, namely, the stalking offenses charged in Counts One and Two of this Indictment, knowingly used and carried a firearm, and in furtherance of such crimes, possessed a firearm, which was brandished and discharged, and which was equipped with a firearm silencer.

(Title 18, United States Code, Section 924(c)(1)(A)(i), (ii), (iii) and (c)(1)(B)(ii).)

## FORFEITURE ALLEGATION

6.  As a result of committing the offenses charged in Counts Three and Four of this Indictment, LUIGI NICHOLAS MANGIONE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offenses.

### Substitute Assets Provision

7.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

4

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 924;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

*Matt Podolsky*
_____
MATTHEW PODOLSKY
Acting United States Attorney